10-985-cv
Crandall v. David

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of January, two thousand twelve.

PRESENT:

> AMALYA L. KEARSE,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LESTER CRANDALL,
> *Plaintiff-Appellant*,

-v.- No. 10-0985-cv

ALBERTO DAVID, New York State Police Investigator, individually and in his official capacity,
> *Defendant-Appellee*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:** THOMAS I. SHERIDAN, III, Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP, New York, NY.

**FOR DEFENDANT-APPELLEE:** FRANK BRADY, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*; David R. Homer, *Magistrate Judge*) entered February 24, 2010.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff-appellant Lester Crandall appeals a judgment of the District Court entered February 24, 2010, granting summary judgment in favor of defendant-appellee Alberto David on Crandall's 42 U.S.C. § 1983 action.

We assume the parties' familiarity with the factual history and proceedings below. Briefly, Crandall alleged that David, a New York State Police Investigator, violated his constitutional rights by seizing his truck and its contents on November 24, 2004. The truck was seized pursuant to New York Public Health Law § 3388, after Crandall had been charged with selling drugs out of the truck in Amsterdam, New York. The District Court granted David's motion for summary judgment, finding that there was no evidence that David was personally involved in the seizure of Crandall's truck and its contents.

On appeal, Crandall argues that summary judgment was improper because there was a genuine issue of material fact with respect to whether David accompanied members of the Amsterdam Police Department ("APD") on November 24, 2004, when they seized the truck and its contents. Crandall also argues that the District Court abused its discretion in declining to permit further discovery prior to deciding the summary judgment motion.

### DISCUSSION

We review *de novo* an order granting summary judgment. Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we resolve all ambiguities and draw all permissible factual inferences in favor of the nonmoving party. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003). Nevertheless, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

We review a district court's denial of a motion for further discovery under Fed. R. Civ. P. 56(d) for an "abuse of discretion" and will not reverse where a plaintiff has failed to show "how the facts sought are reasonably expected to create a genuine issue of material fact." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion").

Following our *de novo* review of the record, we agree with the District Court that there was no genuine issue of material fact with respect to whether David was personally involved in the November 24, 2004 seizure. In his declaration in favor of summary judgment, David stated that he was not present for, or personally involved with, the seizure, and that his only involvement was to record the receipt of the truck when the APD officers brought it to the CNET facility in Latham on December 30, 2004. Crandall failed to submit any evidence inconsistent with David's declaration.

2

His reliance on an affidavit by Amsterdam Police Officer Michael Martuscello[1] is misplaced. In the affidavit, Martuscello, who was not present during the November 24, 2004 seizure and had no personal knowledge of whether *any* State Police investigator—let alone David—participated with the APD in the removal of Crandall's truck on November 24, 2004, speculated that David may have been with the APD officers when they seized Crandall's truck. *See* Affidavit of Michael Martuscello, *Crandall v. David*, No. 07-cv-1167 (N.D.N.Y. Apr. 1, 2009), ECF No. 53, Attach. 1. In a subsequent affidavit, Martuscello reiterated that he "was not present . . . when Plaintiff's vehicle was apprehended" and "do[es] not possess any personal knowledge that Investigator David was present when Plaintiff's truck or other property was seized." Supplemental Affidavit of Michael Martuscello, *Crandall v. David*, No. 07-cv-1167 (N.D.N.Y. May 18, 2009), ECF No. 59, Attach. 1. As Martuscello admittedly had no personal knowledge of the issue, his affidavit does not create a genuine issue of material fact as to David's presence or involvement in the seizure.

Moreover, the District Court did not abuse its discretion in declining to extend the discovery deadline. Pursuant to the pre-trial scheduling order issued March 12, 2008, the parties were to complete all discovery by December 31, 2008, and the deadline would not be extended "absent good cause." Uniform Pretrial Scheduling Order, *Crandall v. David*, No. 07-cv-1167 (N.D.N.Y. Mar. 12, 2008), ECF No. 22. Crandall's sole attempt to obtain discovery from David prior to the deadline was to send David a set of interrogatories, which David responded to on or around December 3, 2008. Crandall did not move to extend the deadline prior to its expiration, and indeed, made no further attempt to obtain discovery from David until February 14, 2009, six weeks after the discovery deadline had passed. Under the circumstances, the District Court appropriately exercised its discretion in denying Crandall's tardy and unjustified request for further discovery. *See Paddington*, 34 F.3d at 1137-38.

## *CONCLUSION*

We have considered all of Crandall's arguments on appeal and find them to be without merit. For the reasons stated above, the order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Martuscello, who was originally named as a defendant in the case, submitted the affidavit on which Crandall relies to the District Court on April 1, 2009, in support of his motion for summary judgment. *See* Affidavit of Michael Martuscello, *Crandall v. David*, No. 07-cv-1167 (N.D.N.Y. Apr. 1, 2009), ECF No. 53, Attach. 1. The District Court "so ordered" a stipulation of discontinuance against Martuscello on May 19, 2009. *See* Stipulation and Order of Discontinuance, *Crandall v. David*, No. 07-cv-1167 (N.D.N.Y. May 19, 2009), ECF No. 60.

3